**IN THE COURT OF APPEALS OF IOWA**

No. 15-1285
Filed June 29, 2016


**IN RE THE MARRIAGE OF THOMAS A. HEIFNER
AND JESSICA L. HEIFNER**

**Upon the Petition of
THOMAS A. HEIFNER,**
          Petitioner-Appellee,

**And Concerning
JESSICA L. HEIFNER n/k/a JESSICA L. O'DONNELL,**
          Respondent-Appellant.
_____


          Appeal from the Iowa District Court for Wright County, Christopher C. Foy,

Judge.


          In challenging the divorce decree, a mother seeks to share physical care

of three minor children with her former husband.  **AFFIRMED.**


          Dani L. Eisentrager of Eisentrager Law, Eagle Grove, for appellant.

          Megan R. Rosenberg of Cady & Rosenberg Law Firm, P.L.C., Hampton,

for appellee.


          Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Thomas and Jessica Heifner have three children in common—ages twelve, seven, and three. In the decree dissolving their marriage, the district court granted the parents joint custody, placed physical care with Thomas, and provided liberal visitation to Jessica. On appeal, Jessica renews her request for joint physical care of the children. After reviewing the record anew, we agree with the reasons giving by the district court for denying joint physical care. Accordingly, we affirm the decree.

Thomas and Jessica moved in together when they were both in their early twenties. They lived together for four years before marrying in 2010. Their daughter M.H. was born in 2007 and their son G.H. was born in 2011. Thomas adopted Jessica's biological son C.H. in 2011; on the stand, Thomas called the adoption "the easiest decision I've ever made." According to the trial record, all three children are healthy, well-mannered, and developing normally.

The only question before us on appeal is whether the district court should have honored Jessica's request for joint physical care of the three children. Our review of the dissolution decree is de novo, which means we examine the entire factual record and adjudicate anew rights on the legal issues presented. *See In re Marriage of Ales,* 592 N.W.2d 698, 702 (Iowa Ct. App.1999). While we independently decide Jessica's appeal issue, we give weight to the district court's factual findings, especially with respect to witness credibility. *See In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007); *see also In re Marriage of Fennelly,* 737 N.W.2d 97, 101 (Iowa 2007) (recognizing district court's opportunity to observe witnesses).

Legal custody and physical care are distinct concepts in Iowa family law. Parents with legal custody of children carry certain rights and responsibilities, including but not limited to making significant decisions about their children's legal status, medical care, education, extracurricular activities, and religious instruction. Iowa Code § 598.1(3), (5) (2013); *see In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007). By contrast, physical care involves the parents' rights and responsibility to maintain a home and provide routine care for their children. Iowa Code § 598.1(7); *Hansen*, 733 N.W.2d at 690-91 (explaining parent awarded physical care must navigate "the myriad of details" associated with everyday child rearing, including what clothes the children wear, when they go to bed, with whom they associate). An award of joint physical care requires divorced parents to work closely together to coordinate the myriad of everyday details. That is why—when deciding if joint physical care is in the children's best interests—we must consider not only the continuity of caregiving, but also the ability of the divorced parents to communicate and show mutual respect; the degree of conflict between them; and the degree to which they are in general agreement about their approach to daily parenting matters.[1]  *See Hansen,* 733 N.W.2d at 696-99.

After the district court awarded joint legal custody to Thomas and Jessica, it was faced with Jessica's request to award joint physical care. When the court denies a parent's request for joint physical care, that denial "shall be accompanied by specific findings of fact and conclusions of law that the awarding

---

[1] In deciding appropriate physical care, we also consider the factors listed in Iowa Code section 598.41(3).

of joint physical care is not in the best interest of the child[ren]." Iowa Code §
598.41(5)(a). The court provided those specific findings and conclusions, as
follows:

> While the court has no concerns about the ability of either
> party to satisfy the basic needs of their children or to provide them
> with adequate care, supervision, and discipline, it finds that an
> award of joint physical care would not be in the best interest of
> [C.H., M.H., or G.H.]. The parties communicate poorly, they show
> little respect for each other, and their current relationship is marked
> by a high level of conflict and bitterness.

The court further found nothing in the record to show the parents "would be able
to set aside the harsh feelings each harbors toward the other and cooperate as
partners in raising their children."

After carefully scrutinizing the trial record, we reach the same conclusion
as the district court. Both Thomas and Jessica are capable and loving parents,
but they have not been able to set aside their differences to the extent that joint
physical care would best serve the children's needs. Jessica has withheld
important information from Thomas, including details about a car accident, the
children's medical appointments, and a physical altercation she had with C.H.
when he expressed a desire to live with his father. When Jessica and Thomas
do communicate, they do so largely by sending text messages, which is not
unusual in dissolution cases. But Jessica and Thomas both, at times, ignore the
other's incoming messages or significantly delay their responses.

Because the district court had the opportunity to view the parents in
person, we defer to its observations that they continue to exude a high level of
tension and do not show respect for one another. We also note the parents are
not in general agreement on everyday matters such as disciplinary styles or

household routines involving the children. The record shows Jessica is more hot-tempered and rash in imposing discipline on the children.

Discord between divorced parents has a disruptive impact on the children. *See In re Marriage of Harris*, 877 N.W.2d 434, 441 (Iowa 2016) (finding confidence in the parents' ability to communicate at the time of the decree was misplaced). The record before the district court shows a level of disharmony between Thomas and Jessica that would not be conducive to managing joint physical care. Accordingly, we affirm the court's award of physical care to Thomas with liberal visitation for Jessica.

**AFFIRMED.**